UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PHILIP DAVIS, JR.,

    Plaintiff,

vs.                                                                                                                      Case No. 17-10614

COUNTRYWIDE HOME LOANS                      HON. AVERN COHN
a/k/a BANK OF AMERICA,

    Defendants.
_____/

# MEMORANDUM AND ORDER
# GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 7)
# AND
# DISMISSING CASE[1]

I. Introduction

Plaintiff Philip Davis Jr., proceeding pro se, filed a complaint naming "Countrywide Home Loans aka Bank of America" as defendants. As best as can be gleaned, plaintiff alleges that defendants have engaged in fraudulent and deceptive acts and also discriminated against plaintiff on the basis of his race. As will be explained, this is plaintiff's fifth in a series of lawsuits brought in several jurisdictions against defendants challenging the mortgage and defendants bad practices. All of plaintiff's prior lawsuits have been dismissed.

Before the Court is defendants' motion to dismiss. (Doc. 7). For the reasons that follow, defendants' motion will be granted and the case will be dismissed.

---

[1] Upon review of the parties' papers the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

In light of plaintiff's history of filing multiple lawsuits challenging the mortgage, the Court will enter a separate order enjoining plaintiff from filing any further lawsuits in this district regarding this subject matter without leave of court.[2]

## II. Background

### A. Plaintiff's Loan Transactions

On May 2, 2003, plaintiff obtained a loan in the amount of $159,150.00 (First Loan) from Quicken Loans, Inc. to finance the purchase of residential property in Redford, Michigan. As security for the First Loan, plaintiff granted a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) solely as nominee for the Lender and Lenders successors and assigns (the 2003 Mortgage). The 2003 Mortgage was recorded with the Wayne County Register of Deeds on June 25, 2003.

On January 11, 2008, plaintiff refinanced the First Loan through a loan in the amount of $165,886.00 (the Refinanced Loan) from Security Atlantic Mortgage Co. Inc. (Security Atlantic). As security for the Refinanced Loan, plaintiff granted a mortgage in favor of MERS solely as nominee for the Lender and Lenders successors and assigns (the 2008 Mortgage) on the property. The 2003 Mortgage was discharged by MERS on February 2, 2008. The Discharge was recorded in the Wayne County Register of Deeds. Security Atlantic assigned the 2008 Mortgage to Bank of America, N.A. (BANA) by an assignment dated July 2, 2012 and recorded with the Wayne County Register of Deeds. BANA then assigned the 2008 Mortgage to Nationstar Mortgage, LLC by

---

[2]In their motion to dismiss, defendants stated an intention to file a motion asking to enjoin plaintiff. Rather than have defendants expend more resources, the Court will enter the order.

2

Assignment dated July 16, 2013 and recorded with the Wayne County Register of Deeds.

### B. Procedural History

#### 1. Plaintiff's Bankruptcy

On June 29, 2004, plaintiff filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan, case no. 04-58347. On March 20, 2008, the Chapter 13 Trustee issued a Final Report and Account and the bankruptcy was closed by order of the Bankruptcy Court.

#### 2. Plaintiff's First Lawsuit - Wayne County Circuit Court

On May 1, 2008, plaintiff, through counsel, filed suit in the Wayne County Circuit Court against Countrywide Home Loans, Inc., Rock Financial Corporation and Security Atlantic. Davis v. Countrywide, case no. 08-111203-CH (Wayne County Cir. Ct) (the State Court Lawsuit) relating to his First Loan and 2003 Mortgage. Plaintiff asserted claims of wrongful foreclosure, breach of contract, violation of the Michigan Consumer Protection Act, discrimination/violation of the Michigan Civil Rights Act, and violation of the Fair Debt Collection Practices Act. Id. Plaintiff also alleged that during the course of his Chapter 13 bankruptcy his mortgage payments increased and he was treated unfairly by the bankruptcy court. On November 7, 2008, the Wayne County Circuit Court granted summary disposition for defendants.

#### 2. Plaintiff's Second Lawsuit - E.D. Michigan

Four years later, on November 30, 2012, Plaintiff filed a second lawsuit relating to the property in this district against Countrywide Home Loans a/k/a/ Bank of America.

Davis v. Countrywide, case no. 12-15284 (E.D. Mich.).[3]  Again, plaintiff alleged wrongdoing in connection with his First Loan, increased payments during his Chapter 13 bankruptcy proceeding, predatory lending and unfair treatment by the bankruptcy court. Plaintiff also claimed emotional distress, financial distress, racial discrimination, civil rights violations and pain and suffering.

The district court granted defendants' motion to dismiss and dismissed the case on September 16, 2013.  See Doc. 17 in case no. 12-15284.  The district court found that "Davis' current claims concern matters that were already decided – or should have been raised – in the state court action.  They are thus barred by the doctrine of claim preclusion or res judicata" which "'bars a subsequent action between the same parties when the evidence or essential facts are identical'" Id. at pg. 9.  The district court also found that Plaintiff was "barred from using this litigation to launch a collateral attack on the bankruptcy proceedings." Id. at pg. 10.

### 3. Plaintiff's Third Lawsuit - N.D. Illinois Lawsuit.

Almost two years after the dismissal in this district, on June 26, 2015, plaintiff filed essentially the same claims as in the instant lawsuit in the Northern District of Illinois.  Davis v. Countrywide, case no. 15-C-5719 (N.D. Ill.).  The district court denied plaintiff's motion to proceed in forma pauperis, and the case was dismissed without prejudice on August 18, 2015 when plaintiff failed to pay the filing fee.

### 4. Plaintiff's Fourth Lawsuit - D. Oregon

Shortly after the dismissal in the Northern District of Illinois, plaintiff filed a fourth

---

[3]The case was assigned to Hon. Patrick J. Duggan.  In light of Judge Duggan's subsequent retirement, the case was not reassigned.

lawsuit on September 15, 2015 in the District of Oregon, Portland Division, against Countrywide Home Loans a/k/a Bank of America" and asserted allegations relating to the 2003 Mortgage, Chapter 13 bankruptcy proceeding, predatory lending, racial discrimination. Davis v. Countrywide, case no. 15-01750 (D. Or.). The district court dismissed the case with prejudice on January 24, 2017. The district court, adopting the report and recommendation of a magistrate judge, found that the complaint "mirrors the complaint filed in Michigan state court on May 1, 2008" where the court granted summary judgment and dismissed plaintiff's claims. Further, the district court found that plaintiff's case was a "'de facto' appeal" of the Michigan state court's ruling in favor of defendant and therefore under the Rooker-Feldman doctrine, it was divested of jurisdiction and barred from awarding relief. Finally, the district court found that even if the Rooker-Feldman doctrine did not apply, plaintiff's claims were barred by the doctrine of claim preclusion, which "prevents litigation of claims that were previously litigated to a final judgment on the merits and the parties to the instant litigation are the same as the parties to the prior litigation." See Doc. 40 in case no. 15-01750.

      5. Plaintiff's Fifth Lawsuit - S.D.N.Y. (the Instant Lawsuit)

 A little less than month after the dismissal in the District of Oregon, on February 14, 2017, plaintiff filed the instant lawsuit in the Southern District of New York against "Countrywide Home Loans a/k/a Bank of America." The New York district court transferred the case to this district on February 27, 2017. As noted above, the instant lawsuit involves the same claims as all of the prior lawsuits. Plaintiff also appears to seek class action relief based on defendants' alleged bad mortgage practices.

III. Legal Standards

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12 (b)(6).

As to Rule 12(b)(1), in determining whether the Court has subject matter jurisdiction of a claim under Fed. R. Civ. P. 12 (b)(1), the Court must assume that plaintiff's allegations are true and must construe the allegations in a light most favorable to them. 3D Systems, Inc. v. Envisiontec, Inc., 575 F. Supp.2d 799, 802 (E.D. Mich., 2008). Where subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Id.

As to Rule 12(b)(6) a complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). The plausibility standard demands more than a "sheer possibility that a defendant has acted unlawfully." Id. Rather, for a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. Fed. R. Civ. P. 12(b)(6). The Court need not accept as true "legal conclusions or unwarranted factual inferences." In Re Packaged Ice Antitrust Litig., 723 F. Supp. 2d 987, 1002 (E.D. Mich. 2010) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)).

In considering a Rule 12(b)(6) motion, a court may consider "matters of public record," such as documents recorded with the Register of Deeds, orders, and items appearing in the record of the case, as well as documents that are referred to in the complaint and are central to a plaintiff's claims. Commercial Money Ctr. Inc. v. Illinois

6

Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007); Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). If the plaintiff does not directly refer to a document in the pleadings, but that document governs the plaintiff's rights and is necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. Weiner v. Klais & Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997)

IV. Analysis

Defendants first contend that the complaint is barred by the Rooker-Feldman doctrine, as the district court in Oregon found. The Court agrees. The Rooker-Feldman doctrine removes subject matter jurisdiction from federal district courts where a plaintiff seeks review of a state court judgment. See Rooker v. Fidelity. Trust Co., 263 U.S. 413, 415–16 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482–86 (1983). Under this doctrine, lower federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Anderson v. Charter Twp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486, 103 S. Ct. at 1317; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir. 1996). Review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476, 103 S. Ct. at 1311.

Here, although the allegations in the instant lawsuit are difficult to discern, to the extent Plaintiff alleges injury due to the state court's dismissal of his lawsuit rather than some "independent" claim, the complaint is barred by Rooker-Feldman.

7

Defendants also argue that plaintiff's claims are barred by res judicata because they were already litigated (or could have been) to final judgment in multiple courts, a finding both a district judge in this district and the district court in Oregon. The Court agrees.

The doctrine of res judicata bars a subsequent suit between the same parties when the evidence or essential facts remain the same. Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz, 205 Mich. App. 371, 375 (Mich. App. 1994). In Michigan, res judicata applies where (1) both actions involve the same parties or their privies, (2) the former suit was decided on the merits, and (3) the issues in the second action were or could have been resolved in the former one. Id. Michigan follows a "broad rule" of res judicata which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties could have raised but failed to do. Id. at 585 (noting that the doctrine of res judicata applies in a subsequent action between the same parties and "not only points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.").

Clearly, plaintiffs' claims in the instant case are barred by the doctrine of res judicata. Each of plaintiff's prior lawsuits name Countrywide and/or BANA as entities that serviced plaintiff's mortgage loan for the property. The State Court Action and the lawsuits in the Eastern District of Michigan and District of Oregon were decided on the merits and the respective appeal periods have expired. Plaintiff's claims in the instant lawsuit, even what appears to be a new claim seeking class action relief based on

8

defendants alleged bad mortgage practices, could have been resolved in any of the previous actions, including the State Court Lawsuit because the claims in this lawsuit arise out of the same mortgage loan and the same property that were at issue in the prior lawsuits.  The facts and circumstances surrounding the origination or servicing of the mortgage loans and the closed bankruptcy proceeding have not changed and plaintiff was able to raise all of these claims in his first lawsuit.  As such, plaintiff's claims are barred under the doctrine of res judicata.

Defendants lastly contend that dismissal is appropriate even if the Court has subject matter jurisdiction and res judicata does not bar plaintiff's claims because the complaint does not meet basic pleading standards and the claims are barred by the applicable statute of limitations.  The Court agrees.

The complaint is mostly comprised of a recitation of grievances about the mortgage industry as a whole and an amalgam of complaints in his prior lawsuits.  The allegations are vague and unsupported that they do not satisfy basic pleading requirements.  See Fed. R. Civ. P. 8.  For example, plaintiff states that "Defendant did unilaterally and contrary to the sign [sic] agreement raise the monthly payments on the home loan."  See Doc. 1, Complaint, at pg. 14.  Plaintiff does not supply requisite details to support this claim such as when the alleged conduct occurred, and does not identify the "agreement" on which his claim is based.  Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Twombly, 127 S. Ct. at 1965, supra (Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions . . .").  Thus, plaintiff's claims are subject to dismissal under

Rule 12(b)(6).

Moreover, the claims are time-barred. Michigan's statute of limitations for breach of contract is 6 years. M.C.L. § 600.5807(8). The statute of limitations for fraud is also six years. M.C.L. § 600.5813 ("All other personal actions shall be commenced within the period of 6 years after the claims accrue . . . ."). Each of the claims in the instant lawsuit appear to relate back to the 2003 Mortgage, including the origination of 2003 Mortgage (predatory lending and discrimination), the alleged "unilateral" raising of payments "contrary to the signed agreement," and the claimed wrongdoing or unfairness of the 2004-2008 bankruptcy proceeding. See Doc. 1, Complaint, at pg. 14. Thus, the alleged wrongdoing all occurred at least 8-14 years prior to the filing of the instant case. As such, the claims are long since time barred.

V. Conclusion

For the reasons stated above, defendants' motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

　　　　　　　　　　　　　　　　　　S/Avern Cohn
　　　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated: April 27, 2017
　　　　Detroit, Michigan